1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9  WILLIAM BRADLEY, | CV F 04-6128 AWI DLB P |
| 10              Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| 11      v. | |
| 12 | |
| 13  M. McVAY, et. al, | |
| 14              Defendants. | |

_____/

15
16    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

17 action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's amended complaint

filed.

18
19    The Court is required to screen complaints brought by prisoners seeking relief against a

20 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

22 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

23 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

24 § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to

25 state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint

26 can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

27    In the instant case, plaintiff brings action against M. McVay, E. Delanda, D. Morales, Sgt.

28 Beer, Sgt. Scaife, Lt. Rousseau, L. Ramsey, K. Johnson, M. Martinez and Warden Scribner.

1    Plaintiff alleges that he is mobility impaired and requires a wheelchair and cane.  He

2    alleges that on August 13, 2003, he was escorted to the program office for a doctor consultation.

3    He states that when he arrived verbally harassed by defendant McVay and then put into a holding

4    cell.  Plaintiff alleges that the inmate in the cell next to him began to tell him that defendant

5    McVay was "dirty" in that he had a history of assaulting inmates.  Plaintiff alleges that McVay

6    overheard the conversation and came to plaintiff's cell and falsely accused plaintiff of trying to

7    hit him with the cane.  Plaintiff alleges that McVay attacked him from behind and sprayed him

8    with pepper spray.  Plaintiff states then when other officers arrived, they refused his request to

9    speak to someone in "authority."  He states that defendant Ramsey refused to give him medical

10   treatment.

11   When a prison official stands accused of using excessive physical force in violation of the

12   cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether

13   force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

14   sadistically for the purpose of causing harm.  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing

15   Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  In determining whether the use of force was

16   wanton and unnecessary, it is proper to consider factors such as the need for application of force,

17   the relationship between the need and the amount of force used, the threat reasonably perceived

18   by the responsible officials, and any efforts made to temper the severity of the forceful response.

19   Hudson, 503 U.S. at 7.  The extent of a prisoner's injury is also a factor that may suggest whether

20   the use of force could plausibly have been thought necessary in a particular situation.  Id.

21   Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not

22   determinative.  Id.  That is, use of excessive physical force against a prisoner may constitute cruel

23   and unusual punishment even though the prisoner does not suffer serious injury.  Id. at 9.

24   Although an inmate need not have suffered serious injury to bring an excessive force claim

25   against a prison official, "[not] every malevolent touch by a prison guard gives rise to a federal

26   cause of action.  Hudson, 503 U.S. at 9.  "Not every push or shove, even if it may later seem

27   unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."  Id.

28   (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.)(cert. denied sub nom. Johnson, 414 U.S.

2

1   1033 (1973)).  The Eighth Amendment's prohibition on cruel and unusual punishments

2   necessarily excludes from constitutional recognition de minimus uses of physical force.  Id. at 9-

3   10.

4        Plaintiff's allegations are sufficient to state a cognizable claim for excessive force against

5   defendant McVay.  However, plaintiff does not sufficiently link the other named defendants to

6   any violation of his constitutional rights.

7        The Civil Rights Act under which this action was filed provides:

8            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
9            deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
10           law, suit in equity, or other proper proceeding for redress.

11  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

12  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13  Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

14  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

15  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

16  in another's affirmative acts or omits to perform an act which he is legally required to do that

17  causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

18  Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named

19  defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

20  federal rights.

21       Plaintiff has stated a claim against defendant McVay but he has failed to link the

22  remaining named defendants with some affirmative act or omission.  Plaintiff may therefore

23  either proceed only against defendant McVay or he must file an amended complaint to cure the

24  deficiencies in the claims against the other named defendants.  The court will grant plaintiff one

25  additional opportunity in which to amend to cure the deficiencies of this complaint.

26       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

27  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

28  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is also advised that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Further, verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original

1 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

2    Based on the foregoing, it is HEREBY ORDERED that:

3    1.    The Clerk's Office shall send plaintiff a civil rights complaint form;

4    2.    Within **thirty (30) days** from the date of service of this order, plaintiff must

5          either:

6          a.    File an amended complaint curing the deficiencies identified by the court

7                in this order, or

8          b.    Notify the court in writing that he does not wish to file an amended

9                complaint and wishes to proceed only against defendant McVay on his

10               excessive force claim; and

11   3.    If plaintiff fails to comply with this order, this action will be dismissed for failure

12         to obey a court order.

13   IT IS SO ORDERED.

14   **Dated:    June 21, 2006**                    **/s/ Dennis L. Beck**
     3b142a                                         UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28