# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY, | CV F 04-6128 AWI DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATION RE DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| M. McVAY, et. al, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's amended complaint. On June 22, 2006, the Court issued an order finding that plaintiff's amended complaint stated a cognizable claim against defendant McVay for use of excessive force in violation of the Eighth Amendment but that the complaint did not state any other cognizable claims for relief. The Court ordered plaintiff to either file an amended complaint or advise that he wanted to proceed only against defendant McVay on his excessive force claim. On June 30, 2006, plaintiff advised that he wanted to proceed only against defendant McVay. The court now recommends that the remaining claims and defendants be dismissed.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the instant case, plaintiff brings action against M. McVay, E. Delanda, D. Morales, Sgt. Beer, Sgt. Scaife, Lt. Rousseau, L. Ramsey, K. Johnson, M. Martinez and Warden Scribner.

Plaintiff alleges that he is mobility impaired and requires a wheelchair and cane.  He alleges that on August 13, 2003, he was escorted to the program office for a doctor consultation.  He states that when he arrived verbally harassed by defendant McVay and then put into a holding cell.  Plaintiff alleges that the inmate in the cell next to him began to tell him that defendant McVay was "dirty" in that he had a history of assaulting inmates.  Plaintiff alleges that McVay overheard the conversation and came to plaintiff's cell and falsely accused plaintiff of trying to hit him with the cane.  Plaintiff alleges that McVay attacked him from behind and sprayed him with pepper spray.  Plaintiff states then when other officers arrived, they refused his request to speak to someone in "authority."  He states that defendant Ramsey refused to give him medical treatment.

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm.  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response.  Hudson, 503 U.S. at 7.  The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation.  Id.  Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative.  Id.  That is, use of excessive physical force against a prisoner may constitute cruel

and unusual punishment even though the prisoner does not suffer serious injury. Id. at 9. Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action. Hudson, 503 U.S. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.)(cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition de minimus uses of physical force. Id. at 9-10.

Plaintiff's allegations are sufficient to state a cognizable claim for excessive force against defendant McVay. However, plaintiff does not sufficiently link the other named defendants to any violation of his constitutional rights.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff has stated a claim against defendant McVay but he has failed to link the remaining named defendants with some affirmative act or omission. Plaintiff may therefore

3

either proceed only against defendant McVay or he must file an amended complaint to cure the deficiencies in the claims against the other named defendants.  The court will grant plaintiff one additional opportunity in which to amend to cure the deficiencies of this complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is also advised that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Further, verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

1   Based on the Court's June 22, 2006 order and plaintiff's subsequent notification that he
2 wanted to proceed only against defendant McVay on the excessive force claim, it is HEREBY
3 RECOMMENDED that this case proceed only on plaintiff's excessive force claim against
4 defendant McVay and all remaining claims and defendants be dismissed from this action.
5   These Findings and Recommendations will be submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
7 twenty (20) days after being served with these Findings and Recommendations, plaintiff may file
8 written objections with the court.  The document should be captioned "Objections to Magistrate
9 Judge's Findings and recommendations."  Plaintiff is advised that failure to file objections within
10 the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
11 F.2d 1153 (9th Cir. 1991).
12   IT IS SO ORDERED.
13   **Dated:   July 6, 2006**              **/s/ Dennis L. Beck**
    3c0hj8                            UNITED STATES MAGISTRATE JUDGE