# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY, | CASE NO. 1:04-cv-06128-AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RE DEFENDANT'S MOTION TO DISMISS THE CLAIM AGAINST HIM BASED ON PLAINTIFF'S FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| M. MCVAY, et al., | |
| Defendants. | (Doc. 27) |

I.   Defendant Luna's Motion to Dismiss for Failure to Exhaust

   A.   Procedural History

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed September 1, 2004, against defendant M. McVay for using excessive force in violation of the Eighth Amendment. On January 5, 2007, pursuant to Federal Rule of Civil Procedure 12(b), defendant McVay filed a motion to dismiss for failure to exhaust the available administrative remedies. Plaintiff filed an opposition, entitled "objections," on January 23, 2007.[1]

   B.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on August 29, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

1

available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, Nos. 05-7058, 05-7142, 2007 WL 135890, at *11 (Jan. 22, 2007) (citing Porter, 435 U.S. at 524); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.   Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2006). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 126 S.Ct. at 2383; McKinney, 311 F.3d at

1199-1201.

Defendant McVay argues that he is entitled to dismissal of the claim against him because plaintiff refused to cooperate with the appeal process and therefore prevented proper exhaustion of the administrative appeals process.  In support of his motion, defendant submits evidence that plaintiff filed an appeal (Log No. 03-3260) on August 13, 2003 alleging that defendant McVay used excessive force by assaulting him and using pepper spray.  Castillo Declaration, ¶ 4.  During the investigation of the grievance, defendant contends Bradley refused to be interviewed on at least two separate occasions.  Sgt. Martinez Declaration, ¶¶ 2-6; Castillo Declaration ¶¶ 5-6.  On October 23, 2003, Bradley submitted his grievance to the second level of review.  Castillo Decl. ¶ 7.  The appeal was cancelled at the second level after plaintiff allegedly refused to cooperate in the investigation process relating to his grievance.  Castillo Decl. ¶¶ 6-7.  On October 29, 2003, Castillo provided plaintiff with an Inmate/Parollee Appeals Screening form, stating that this appeal was being returned to him due to his failure to cooperate in th investigation, a violation of California Code of Regulations, title 15, § 3084.4(d).  Castillo Decl. ¶¶ 6-7.

Notwithstanding the cancellation, plaintiff submitted his appeal to the Inmate Appeals Branch (IAB) for Director's level review.  Grannis Decl.  ¶¶ 5-7.  IAB did not accept his appeal for review because plaintiff alledgedly failed to cooperate in the interview process at the lower levels, and on December 15, 2003, IAB returned the appeal documents to plaintiff notifying him that his grievance had been cancelled as a result of his refusal to cooperate.  Grannis Decl. ¶ 7.

In his opposition, plaintiff asserts that he is mobility impaired and correctional officers refused to provide him with sufficient accommodations to transport himself from his cell to the interview room.  Plaintiff contends officers would not allow his to use his cane to ambulate to the interview room.

In their reply, defendants reiterate that during each attempted interview, plaintiff's cell was opened for at least two minutes to allow plaintiff to proceed to the interview room, which was 35 yards from his cell.  Martinez Decl. ¶ 2.  Martinez does not recall plaintiff stating that he could not leave his cell because of a mobility impairment but Martinez acknowledges that plaintiff had a restriction disallowing the use of cane in his cell.  Martinez Decl. ¶¶ 3-4.

Defendants submit evidence that despite plaintiff's restriction from using his cane inside his cell, he was permitted to use a cane whenever he left his cell.

The court is mindful that "[Proper] exhaustion of administrative remedies is necessary," Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ," Id. at 2386. On the other hand, the court also acknowledges that the failure to respond to a properly filed grievance may result in a finding that exhaustion occurred. Giano v. Goord, 380 F.3d 670, 673-74 (2d Cir.2004) (holding that an inmate's reasonable interpretation of prison regulations justified his failure to exhaust when he raised allegations of retaliatory staff misconduct as a defense in disciplinary proceedings brought against him, rather than affirmatively pursuing the independent grievance system); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); see also, Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005).

Similarly, the PLRA does not require exhaustion of all remedies, but it requires exhaustion of such administrative remedies "*as are available*." 42 U.S.C § 1997(e)(a). If plaintiff's allegations that prison officials prevented him from attending the interviews, then the prison did not make the administrative appeal process "available to" the plaintiff. See, Brown v. Croak, 312 F. 3d 109, 111 (3d Cir. 2002) (Formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); See also, Mitchell v. Horn, 318 F. 3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Miller v. Norris, 247 F. 3d 736, 740 (8th Cir. 2001) (holding remedy is not "available" were prison officials purportedly prevented prisoner from employing the prison's grievance system).

Defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F. 3d at 1119. In order to prevail on their motion, defendants must demonstrate plaintiff's failure to exhaust, Jones, 127 S.Ct. at 921; Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005). In a situation such as this where plaintiff submitted evidence that he attempted to

properly utilize the appeals process but was prevented by defendants    In a situation such as this in which the parties offer differing versions of events based on competing declarations, the issue is one of witness credibility and the Court cannot make that requisite assessment on a motion to dismiss.

The Court is not finding that plaintiff exhausted.  Rather, at this juncture and on the record before it, the Court simply cannot find that plaintiff failed to exhaust, and defendant's motion to dismiss must be denied.

D.    Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that defendant's motion to dismiss for failure to exhaust, filed January 5, 2007, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **ten (10) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **February 20, 2008**                       **/s/ Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE