UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY, | 1:04-cv-6128-AWI-DLB-P |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATION (Doc. 39) |
| vs. | ORDER DENYING MOTION TO DISMISS (Doc. 27) |
| M. MCVAY, | |
| Defendant. / | |

Plaintiff, is a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On February 21, 2008, the Magistrate Judge filed Findings and a Recommendation herein which were served on the parties and which contained notice that any objections to the Findings and Recommendation were to be filed within ten (10) days. On February 29, 2008, defendants filed objections and on March 3, 2008, plaintiff filed objections.

//

1

1    In accordance with the provisions of 28 U.S.C.
2 § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a
3 <u>de novo</u> review of this case.  Having carefully accommodation the
4 entire file, the Court finds the Findings and Recommendation to
5 be supported by the record and by proper analysis.   The
6 Magistrate Judge correctly concluded that there is a factual
7 dispute on whether state officials rendered the prison grievance
8 system unavailable to Plaintiff by not giving him a wheelchair or
9 cane so that he could attend mandatary appeals related
10 investigations.   In the objections, Defendant contends that
11 Plaintiff has not provided support for his assertion.   While
12 minimal, Plaintiff has provided evidence he needed assistance to
13 walk, and Plaintiff was denied any such accommodation.  As such,
14 it becomes a factual dispute as to why Plaintiff did not attend
15 the investigation meetings and whether he made prison staff aware
16 that he needed accommodations.  Thus, Defendant's motion must be
17 denied.
18    Respondent correctly notes in the objections that an
19 evidentiary hearing, as part of an unenumerated Rule 12(b)
20 motion, is a proper why to resolve this factual dispute. <u>See</u>
21 <u>Ritza v. International Longshoremen's and Warehousemen's Union</u>,
22 837 F.2d 365, 369 (9th Cir 1988) (recognizing general view finds
23 there is no right of jury trial on matter in abatement and that
24 court has  broad discretion as to method used to resolve factual
25 disputes).  While the court is willing to conduct an evidentiary
26 hearing, Defendant has requested such a hearing at an improper
27 stage of the proceedings.  New arguments are not properly raised
28 for the first time in objections to Findings and Recommendations.

2

Greenhow v. Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir. 1988), *overruled on other grounds by* United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992). As such, the court will not order an evidentiary hearing at this time. However, the court will grant Defendant permission to file a second unenumerated Rule 12(b) motion in which they can request an evidentiary hearing. In their moving papers for such a motion and any opposition, the parties should state the witnesses they desire to call at any hearing and a time estimation for such a hearing.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed February 21, 2008, are ADOPTED IN FULL;
2. Defendant's motion to dismiss for failure to exhaust, filed January 5, 2007 is DENIED; and
3. Defendant is GRANTED leave to file a second unenumerated Rule 12(b) motion within forty-five days of the date of service of this order.

IT IS SO ORDERED.

**Dated:   March 7, 2008**                      **/s/ Anthony W. Ishii**
                                          UNITED STATES DISTRICT JUDGE

---

[1] Any such motion and hearing should be set before Magistrate Judge Dennis L. Beck.

3