# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY,<br><br>        Plaintiff,<br><br>  v.<br><br>McVAY,<br><br>        Defendant.<br>_____/ | CASE NO. 1:04-cv-06128-AWI DLB PC<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(Doc. 60)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

Plaintiff William Bradley ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claim of excessive force, in violation of the Eighth Amendment. This matter is currently set for evidentiary hearing on January 26, 2009 at 9:00 a.m. regarding defendant's unenumerated 12(b) motion to dismiss for Plaintiff's failure to exhaust available administrative remedies prior to filing suit.

On December 29, 2008, plaintiff filed a motion seeking a court order requiring prison officials to provide him with law library access, his dictionary, his criminal psychology books and his "other legal complaints". (Doc. 60). Plaintiff also seeks the appointment of counsel.

**Request for Appointment of Counsel**

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298,

1

109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel shall be denied. In accordance with the above, plaintiff's request for the appointment of counsel is HEREBY DENIED.

**Request for Law Library Access, "Other Legal Complaints", Dictionary, and Psychology Books**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has

no power to hear the matter in question. Id. A preliminary injunction does not serve the purpose of ensuring that plaintiff is able to litigate this action effectively or efficiently. The issuance of the order sought by plaintiff in his motion would not remedy the excessive force proceeding in this action. Accordingly, the court lacks jurisdiction to issue the order sought.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for a court order requiring prison officials provide him with law library access as well as his dictionary, criminal psychology books and "other legal complaints" be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   **Dated:   January 6, 2009**              /s/ **Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE