# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY, | CASE NO. 1:04-cv-06128 AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED WITHOUT PREJUDICE |
| v. | |
| M. McVAY, | |
| Defendant. | (Doc. 47) |
| | OBJECTIONS, IF ANY, DUE IN 20 DAYS |

**Findings and Recommendations**

**I.    Background**

Plaintiff William Bradley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed September 1, 2004, against defendant McVay for use of excessive force in violation of the Eighth Amendment.

On January 26, 2009 an evidentiary hearing was held before the undersigned with the following witnesses having testified: 1) Plaintiff William Bradley; 2) J. Martinez; 3) V. Castillo; 4) T. Jung-Hernandez; and 5) L. Perez.

After closing arguments, the matter was taken under submission for written ruling.

///

///

1

II.     **Procedural History**

    a.     **Defendant's First Unenumerated Rule 12(b)Motion to Dismiss**

On January 5, 2007, Defendant filed a motion to dismiss this action for plaintiff's failure to exhaust administrative remedies. (Doc. 27). In the motion, Defendant contended that on two separate occasions Plaintiff refused to be interviewed as part of an investigation into his inmate grievance. Defendant contended that Plaintiff's appeal was subsequently cancelled at the second level for his failure to cooperate in the investigation process relating to his grievance.

Plaintiff filed an opposition, entitled "objections" on January 23, 2007, wherein Plaintiff asserted that he is mobility impaired and that correctional officers refused to provide him with sufficient accommodations to transport him from his cell to the interview room.

In reply, defendant reiterated that during each attempted interview, plaintiff's cell was opened for at least two minutes to allow plaintiff to proceed to the interview room. Sgt. Martinez, whom attempted to conduct the interviews, did not recall plaintiff stating that he could not leave his cell because of a mobility impairment but Martinez acknowledged that plaintiff had a restriction disallowing the use of cane in his cell. Defendant submitted evidence that despite plaintiff's restriction from using his cane inside his cell, and he was permitted to use a cane whenever he left his cell.

On February 21, 2008, the Magistrate Judge filed a Findings and Recommendations, recommending that Defendant's motion to dismiss be denied. The Court did not find that Plaintiff had exhausted; rather, the Court held that based on the record provided, the issue was one of witness credibility and the Court could not make that requisite assessment on a motion to dismiss. Both parties filed objections and on March 7, 2008, the Findings and Recommendations were adopted in full. In the order adopting the Findings and Recommendations, Defendant was granted permission to file a second unenumerated Rule 12(b) motion in which he could request an evidentiary hearing. (Doc. 42).

    b.     **Defendant's Renewed Unenumerated Rule 12(b) Motion to Dismiss**

On May 6, 2008, Defendant filed the a second motion to dismiss for failure to exhaust administrative remedies. In his motion, Defendant requested an evidentiary hearing if the motion

1  cannot be decided solely on the filed documents. Plaintiff filed his opposition on June 17, 2008 and
2  June 23, 2008. (Docs. 50, 52). Defendant filed a reply on June 25, 2008. (Doc. 53).
3        On October 30, 2008, the Court set this matter down for evidentiary hearing.
4  **III.    Legal Standard**
5        Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
6  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
7  confined in any jail, prison, or other correctional facility until such administrative remedies as are
8  available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative
9  process, regardless of the relief sought by the prisoner and regardless of the relief offered by the
10 process, as long as the administrative process can provide some sort of relief on the complaint stated.
11 Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies
12 to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion
13 must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).
14       Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
15 defense under which defendants have the burden of raising and proving the absence of exhaustion.
16 Jones v. Bock, Nos. 05-7058, 05-7142, 2007 WL 135890, at *11 (Jan. 22, 2007) (citing Porter, 435
17 U.S. at 524); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust
18 nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule
19 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l
20 Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In
21 deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look
22 beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court
23 concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is
24 dismissal without prejudice. Id.
25 **IV.    Discussion**
26       The California Department of Corrections has an administrative grievance system for
27 prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2006). The process is initiated by submitting
28 a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal

3

level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 126 S.Ct. at 2383; McKinney, 311 F.3d at 1199-1201.

    **a.**    **Arguments**

Defendant McVay argues that he is entitled to dismissal of the claim against him because plaintiff refused to cooperate with the appeal process and therefore prevented proper exhaustion of the administrative appeals process. In support of his motion, defendant submits evidence that plaintiff filed an inmate grievance (Log No. 03-3260) on August 13, 2003 alleging that defendant McVay used excessive force by assaulting him and using pepper spray. (Doc. 47, Motion to Dismiss, Hicinbothom Decl., ¶6; Exh. A). During the investigation of the grievance, defendant contends that Sgt. Martinez attempted to interview Plaintiff in response to his grievance, but that on both occasions, Bradley refused to exit his cell. (Id., Martinez Decl ¶¶ 3,4). These incidents, on September 24, 2003 and October 7, 2003, were recorded in Plaintiff's Record of Daily Activity by Sgt. Martinez. (Id., at ¶3,4; Exh D, E). Plaintiff's appeal was denied on the first level of review because the information gathered during the fact-finding inquiry did not substantiate Plaintiff's claims. (Id., at ¶7). Plaintiff attempted to appeal his grievance at the second level. (Doc. 47, Hicinbothom Decl., ¶8). The appeal was rejected at the second level because of Plaintiff's refusal to cooperate in the appeal interview. (Id). Plaintiff sent his appeal to the Director's level review. (Doc. 47, Zamora Decl., ¶6). Plaintiff's appeal was screened out because the Plaintiff had refused to interview. (Id.)

In opposition, Plaintiff contends that defendant's motion is without merit and that declarations filed in support thereof are false and perjured.[1] (Doc. 50, pp.1-2). Plaintiff also argues,

---

[1] Plaintiff must do more than attack the credibility of defendant's evidence. See National Union Fire. Ins. Co. v. Argonaut Ins. Co., 701 F.2d 95, 97 (9th Cir. 1983) ("[N]either a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert . . . judgment.").

4

without specificity, that he complied with the Department of Corrections Rules and Regulations regarding their appeal process, but that he has been subject to illegal maneuvering from the Corcoran Prison Appeals office and also official employed at Corcoran.[2] (Doc. 50, p.5:3-10).

In reply, Defendant argues that Plaintiff's opposition does not include any declaration or any other admissible evidence, and that the motion to dismiss should be granted. Defendant reiterated his request for an evidentiary hearing in the event that the Court is not inclined to grant the motion based solely on the motion papers and supporting declarations.

### b. January 26, 2009 Evidentiary Hearing

The evidentiary hearing was held to determine whether Plaintiff was prevented from attending the interviews into his inmate grievance, therefore impeding Plaintiff from participating in the appeals process and rendering the administrative remedies exhausted.

### I. Evidence not Considered by Court

Plaintiff's misdemeanor conviction for forgery in 1985 and Plaintiff's prior record listing his aliases are not considered by the Court in reaching these Findings and Recommendations. Fed. R. Evid. 609.

Plaintiff's prison rules violations, ranging in time from February 2000 to October 2007 and pro-offered are not considered by the Court in assessing Plaintiff's credibility, nor in reaching these Findings and Recommendations. Fed. R. Evid. 608.

### ii. Credibility, Commentary and Findings

Resolution of the evidentiary issue turns on credibility. The Court makes the following commentary and findings based upon the evidence proffered at the evidentiary hearing.

1. Plaintiff arrived at California State Prison - Corcoran ("CSP - Corcoran") from High Desert State Prison ("H.D.S.P.") on June 21 or 23, 2003. Upon his arrival at CSP - Corcoran, Plaintiff possessed and was allowed full use of a cane until August 13, 2003, when Plaintiff allegedly assaulted defendant McVay with his cane.

2. Plaintiff filed a grievance concerning the incident occurring August 13, 2003. (Log

---

[2]Arguments or contentions set forth in a responding brief do not constitute evidence. See Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence).

1        No. 03-3260). (Defendant's Exhibit (DX) 3).

2    3.  On September 24, 2003, Sgt. Martinez attempted to interview Plaintiff concerning his inmate grievance. The Control Booth Officer unlocked Plaintiff's cell door to allow him to proceed to the section door to be restrained and escorted to the interview room. Plaintiff refused to exit his cell. Sgt. Martinez was not told why Plaintiff refused to leave his cell.

3    4.  On October 7, 2003, Sgt. Martinez again attempted to interview Plaintiff. Plaintiff again refused to exit his cell. Sgt. Martinez did not hear Plaintiff say anything to the Control Booth Officer. Sgt. Martinez continued the inquiry into Plaintiff's complaint and denied Plaintiff's grievance at the first level of review. (DX 4).

4    5.  Plaintiff testified that he informed the Control Booth Officer that he needed a walking device.

5    6.  Sgt. Martinez testified that although he was aware that Plaintiff had previously used a cane, he did not know if Plaintiff needed one. Sgt. Martinez contacted medical records earlier in September 2003 as part of an informal investigation into an unrelated appeal, and was informed that there was no indication in Plaintiff's medical record of any mobility impairment. Sgt. Martinez had also observed Plaintiff walking in his cell without a cane or walker, and did not appear to be in pain.

6    7.  The Court finds Sgt. Martinez to be a credible witness. Plaintiff does not dispute that he was called out for interview on two occasions, but did not leave his cell.

7    8.  Appeals Coordinator V. Castillo screened out Plaintiff's appeal at the second level of review for Plaintiff's refusal to cooperate with the grievance process.

8    9.  The testimonies of Officers Jung Hernandez and Perez are consistent and credible. Both testified that between August to October 2003, they observed Plaintiff walking from his cell door to the section door, approximately 30 feet away, without the use of a cane or walking device, and without leaning on the wall. Both testified that Plaintiff was able to walk this distance in approximately 5 to 10 seconds. Both witnesses testified to having observed Plaintiff stand on his toilet and reach up to

|   |   |   |
|---|---|---|
| | | cover and uncover his light. Both witnesses also testified to having observed Plaintiff walk in his cell without a cane. Both witnesses further testified that on occasion Plaintiff would refuse to leave his cell. |
| | 10. | Plaintiff testified that he was unable to walk long distances without a cane. The distance from the cell door to the section door was approximately 30 feet. Two witnesses have observed Plaintiff walking the distance unaided in approximately 5 to 10 seconds. |
| | 11. | The Court questions the truth and/or accuracy of Plaintiff's testimony that he requires an assistive device in order to ambulate. His testimony is undermined by a Notice and Request Form signed by Plaintiff and dated March 24, 2003, wherein Plaintiff indicated that he did not have a disability. (DX 7). Plaintiff did not adequately explain why he completed a form stating that he did not have a disability, when he had testified to having suffered from the same back problems while at H.D.S.P. that required him to use a cane. |
| | 12. | Plaintiff's testimony as to whether he possessed a valid chrono for a walking aid prior to October 23, 2003 is confusing. Plaintiff stated that there was a medical chrono issued prior to October 2003 in his medical file, but then stated that he could only provide what his medical file has. In any event, Plaintiff did not present a copy of any such chrono at the evidentiary hearing. (PX A). |
| | 13. | Plaintiff submitted no evidence to corroborate his testimony that he submitted an explanation to the Appeals Coordinator after his appeal was cancelled for non-cooperation at the second level of review, for which he received no response. Plaintiff had not raised this argument in his written opposition. Plaintiff further did not indicate when he attempted to do so. The Court does not find Plaintiff's testimony believable. |

**V.    Conclusion and Recommendation**

The Court finds that defendant has more than met his burden of raising and proving the absence of exhaustion. The Court finds that Plaintiff was able to ambulate to the section door

7

without the assistance of a walking aid in order to attend the interviews on September 24, 2003 and October 7, 2003. The Court finds that Plaintiff's failure to participate in the interview process resulted in the cancellation of his appeal. **"**Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," Woodford, 126 S.Ct. at 2382. Pursuant to applicable regulations, the failure to cooperate or be interviewed constitutes abuse of the appeals system and results in cancellation of the appeal, subjecting it rejection upon screening. Tit. 15, §§ 3084.3(c)(8), 3084.4(d). By refusing to be interviewed, Plaintiff failed to comply with the procedural rules.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss for failure to exhaust, filed May 6, 2008, be GRANTED, and that this action be dismissed in its entirety, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 3, 2009**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE